## WOODWARD v HANSON-HUBBARD-HANSEN CO

Ohio Appeals, 6th Dist, Lucas Co
No 2251. Decided Jan. 27, 1930

Powell & Starritt, Toledo, for Woodward.
Geer & Lane, Toledo, for Hanson-Hubbard-Hansen Co.

WILLIAMS, J.

The first claim of plaintiff in error is that there was no sale of the property. Under the contract of employment the real estate company was entitled to a commission upon a transfer of the property by exchange as well as by sale, provided the exchange was consented to by the owner, Marian A. Woodward. As the owner consented to the exchange, the contention that the commission was not earned because there was no sale of the property is not well founded.

The parties to the exchange filed their deeds in escrow, which were to be held pending the perfecting of the title. The title was perfected and the deeds delivered. It is claimed, however, that the deeds were not delivered until after the expiration of the contract. The contract of employment ran for three months, during which time it could not be terminated. During such three months period the deeds were executed and placed in escrow, but at the time the deeds were delivered the contract had expired by reason of the written notice which had been given by letter. The contract of exchange was completed upon the execution of the deeds and deposit of them in escrow, and the mere

fact that the deeds were not delivered until after the contract of employment had expired does not deprive the real estate company of its right to the commission.

The finding of the court below was accoring to the law and the evidence and the judgment will be affirmed.

Lloyd and Richards, JJ., concur.